United States District Court
Southern District of Texas
**ENTERED**
April 06, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE YOUNG, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-392 |
| | § | |
| CANDACE MOORE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff is in the custody of the Texas Department of Criminal Justice—Correctional Institutions Division (TDCJ-CID) and currently is incarcerated at the McConnell Unit in Beeville, Bee County, Texas. Appearing *pro se*, Plaintiff filed this civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff alleges that his constitutional right of access to courts has been violated and that defendants have taken other actions to violate his constitutional rights. Defendants filed a motion for summary judgment on January 27, 2017 to which Plaintiff responded on February 13, 2017 (D.E. 13, 14). As discussed more fully below, it is respectfully recommended that Defendants' motion be granted in part and denied in part.

## JURISDICTION

This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331. Venue is appropriate in this district because Plaintiff is housed at the McConnell Unit in Beeville, Bee County, Texas.

## BACKGROUND

Plaintiff names six defendants in his lawsuit, all of whom are employed at the McConnell Unit: Candace Moore, director of the law library; Corey Furr, assistant warden; Jennifer Smith, mailroom supervisor; Janet Salles, employee in the mailroom; Veronica Inmon, employee in the classification department; Joe Gonzalez, Jr., a guard; and John and Jane Does.

In his complaint, Plaintiff states that he was found guilty of committing a disciplinary infraction for filing a false financial statement. He cites Texas Penal Code § 37.101, which prohibits filing or causing to be filed a financing statement that the person knows is forged, contains a material false statement, or is groundless. Plaintiff was not criminally charged, but was subjected to TDCJ-CID disciplinary proceedings.

Plaintiff claims that the charges were brought against him in retaliation for his being a witness in two "federal cases" involving Defendants Moore, Gonzalez, and Furr. He further claims that Defendants Smith and Sallee conspired with Moore to deny him the right to access the courts by not processing payment of a filing fee in the Dallas County Probate Court although the funds were available in his account. He asserts that because he could not participate in a court proceeding, he lost a house he inherited from his mother valued at $93,000. Finally, he complains that his custody level, G-5, is extremely restrictive and subjects him to cruel and unusual punishment.

Plaintiff seeks relief in the form of an order that $400 be disbursed from his inmate account to pay the filing fee in the probate matter pending in Dallas County Court, a declaratory judgment, an injunction to prevent further harassment, damages for

violation of his right of access to the courts, $93,000 in compensatory damages for the loss of the house, and other damages allowed by law.

In Defendants' motion for summary judgment, they argue the following: (1) Plaintiff failed to fully exhaust his administrative remedies; (2) He cannot contest his loss of good time via a § 1983 action; (3) Defendants are entitled to qualified immunity; (4) His claim that he has been denied access to the courts is frivolous; and (5) Defendants are entitled to Eleventh Amendment immunity. Defendants also ask that all deadlines be stayed pending resolution of their motion for judgment on the pleadings. Defendants attached two Step 1 and Step 2 Grievance forms that Plaintiff submitted challenging the result of a disciplinary hearing in which he was found guilty of presenting for filing or causing to be presented for filing financial statements that the person knows are false (*See* Ex. A to Mot. for Sum. Jmt., D.E. 13-1 at pp. 3-10).

In his response to the motion for summary judgment, Plaintiff claims that Defendants incorrectly stated that he had filed only two relevant grievances when he actually had filed many grievances about a variety of issues. He described and provided copies of a number of grievances he has filed since August 2015. Among the complaints described in the grievances are the following: (1) He complained in August 2015 about not being able to grow a beard in accordance with his Jewish faith; (2) In October 2015 he filed a grievance complaining that unspecified defendants had taken his legal work, his mother's death certificate, and other property that was not contraband; (3) In February and October 2016 he complained about disciplinary actions in two "bogus" cases; (4) In February 2016 he complained about conditions as a G-5 inmate and also about

retaliation; (5) In February 2016 he filed another grievance complaining about retaliation; (6) In April 2016 Plaintiff filed a grievance complaining about not being allowed to review tapes of a disciplinary hearing for purposes of this lawsuit;   (7) In May 2016 Plaintiff filed a grievance complaining about not being allowed to withdraw money from his account to allow a person to whom he had given power of attorney to pay fees in relation to his claim that his mother left him her house.   Defendants told Plaintiff repeatedly that his requests for withdrawals had been "lost, denied, or whatever." (D.E. 14 at p. 2 and Grievances at Exs. E through I, Resp. to Mot. for Sum. Jmt., D.E. 14-1 at pp. 21-23, D.E. 14-2 at pp. 1-22).

After describing the various grievances he filed, Plaintiff alleged additional causes of action that he did not bring in his original complaint.   He claims that Defendants denied him the right to grow a beard as required by his religious beliefs and also that his mother's death certificate was stolen.   He also states that Defendants violated his rights under the Equal Protection Clause; arbitrarily and capriciously applied TDCJ-CID rules; are liable for stolen property under the "Theft Liability Act;" breached a contract; committed common law fraud; falsified government documents; and censored legal materials with deliberate indifference.  (D.E. 14 at p. 5).

Plaintiff also complains that Defendants have failed to respond to any requests for disclosure and discovery, and he asks the court to extend the deadline for his response, arguing that he needs the requested documentation to properly respond to the motion for summary judgment.   In the alternative, he asks the Court to consider the response he did file and if it is adequate, to terminate his request for more time to respond.

## APPLICABLE LAW

### A.  Standard of Review

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.* at 251-52.  In making this determination, the Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file, and drawing all justifiable inferences in favor of the party opposing the motion. *Caboni v. Gen. Motors Corp*., 278 F.3d 448, 451 (5th Cir. 2002).  The Court may not weigh the evidence or evaluate the credibility of witnesses.  *Id.*

Affidavits must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated.  Fed. R. Civ. P. 56(c)(4).  *See also Cormier v. Pennzoil Exploration & Prod. Co*., 969 F.2d 1559, 1561 (5th Cir. 1992)(per curiam) (refusing to consider affidavits that relied on hearsay statements); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987)(per curiam) (stating that courts cannot consider hearsay evidence in affidavits and depositions).  Unauthenticated and unverified documents do not constitute proper summary judgment evidence.  *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)(per curiam).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To sustain this burden, the nonmoving party cannot rest on the mere allegations of the pleadings. Fed. R. Civ. P. 56(c); *Anderson*, 477 U.S. at 248. "After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *Caboni*, 278 F.3d at 451. "If reasonable minds could differ as to the import of the evidence . . . a verdict should not be directed." *Anderson*, 477 U.S. at 250-51.

The usual summary judgment burden of proof is altered in the case of a qualified immunity defense. *See Milchalik v. Hermann*, 422 F.3d 252, 262 (5th Cir. 2005). When a government official has pled the defense of qualified immunity, the burden is on the plaintiff to establish that the official's conduct violated clearly established law. *Id.* Plaintiff cannot rest on his pleadings; instead, he must show a genuine issue of material fact concerning the reasonableness of the official's conduct. *Bazen v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001).

### B.  42 U.S.C. § 1983

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v.*

*Atkins*, 487 U.S. 42, 48 (1988).  An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief.  *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).  The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed.  *Id.*

"Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).  There is no vicarious or respondeat superior liability of supervisors under section 1983.  *Thompkins v. Belt*, 828 F.2d 298, 303-304 (5th Cir. 1987).  *See also Carnaby v. City of Houston*, 636 F.3d 183, 189 (5th Cir. 2011)(the acts of subordinates do not trigger § 1983 liability for supervisory officials).  If a plaintiff sues a defendant based on his role as supervisor, the Plaintiff must show that (1) the supervisor failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the constitutional violation; and (3) the failure to train or supervise amounts to deliberate indifference to Plaintiff's constitutional rights.  *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005). Establishing a supervisor's deliberate indifference generally requires a plaintiff to demonstrate "at least a pattern of similar violations."  *Rios v. City of Del Rio, Tex.*, 444 F.2d 417, 427 (5th Cir. 2006)(citations omitted).

### C.  Plaintiff's Claims

### (1)  Claims Raised in Response to Motion for Summary Judgment

In response to his motion for summary judgment, Plaintiff raises several claims that he did not set out in is original complaint.  He claims that Defendants denied him the

right to grow a beard as required by his religious beliefs and also that his mother's death certificate was stolen. He also states that Defendants violated his rights under the Equal Protection Clause; arbitrarily and capriciously applied TDCJ-CID rules; are liable for stolen property under the "Theft Liability Act;" breached a contract; committed common law fraud; falsified government documents; and censored legal materials with deliberate indifference (D.E. 14 at p. 5).

It is well-settled that "[a] claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Fennell v. Marion Ind. School Dist.*, 804 F.3d 398, 415 (5th Cir. 2015)(quoting *Cutrera v. Bd. of Supervisors of La. State. Univ.*, 429 F.3d 108, 113 (5th Cir. 2005)). "District courts do not abuse their discretion when they disregard claims or theories of liability not present in the complaint and raised for the first time in a motion opposing summary judgment." *De Franceschi v. BAC Home Loans Servicing, L.P.*, 447 Fed. Appx. 200, 204 (5th Cir. 2012). Accordingly, the above-described claims raised for the first time in Plaintiff's response to the motion for summary judgment should be dismissed without prejudice because they are not properly before the court. Plaintiff may raise such claims in a separate complaint.

### (2) Challenges to Disciplinary Proceedings

In his response to the motion for summary judgment, Plaintiff refers to grievances he filed regarding two disciplinary cases (*See* Step 1 and Step 2 Grievances challenging Disp. Case Nos. 20160023368 and 20160139449, D.E. 14-1 at pp. 13-20). To the extent Plaintiff is complaining about the results of the hearings, he cannot do so via a § 1983

petition, but must bring a habeas corpus action because a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Plaintiff maintains that he is not seeking restoration of any lost good time. Rather, he seeks money damages for false imprisonment, based on being placed in more restrictive custody as a result of the hearings, which in turn caused him to lose a probate case (D.E. 14 at p. 3). However, his claim is foreclosed by *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994) where the Supreme Court held the following:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Based on *Heck*, Plaintiff cannot bring a damages claim until the results of the disciplinary hearing have been reversed and there is no indication this has occurred.

Plaintiff cites *Edwards v. Balisok*, 520 U.S. 641 (1997), but the case does not offer support for his argument. To the contrary, *Edwards* held that an inmate could not bring a § 1983 claim for declaratory and monetary relief based on allegations of deceit and bias on the part of a disciplinary hearing officer because a finding in his favor would necessarily imply the invalidity of the punishment imposed. *Id.* at 648. The same is true in the instant case. Accordingly, any claim Plaintiff brings for relief based on the result of a disciplinary hearing should be dismissed without prejudice because it is not cognizable in this lawsuit.

### (3)  Access to Courts

Plaintiff argues that Defendants violated his right of access to courts by refusing to release funds from his inmate trust account to pay filing fees in a probate case he wished to file.  Prisoners have a constitutionally protected right of access to the courts.  *See Lewis v. Casey*, 518, 343, 350 (1996) and *Bounds v. Smith*, 430 U.S. 817 (1977). However, the right of access to courts is not unlimited.  Inmates are not guaranteed the ability "to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims."  *Lewis*, 518 U.S. at 355.   Rather, inmates are entitled to tools that allow them "to attack their sentences, directly or collaterally, and . . . to challenge the conditions of their confinement.  Impairment of any *other* litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."  *Id.* (emphasis in original).

Plaintiff's complaint that he was not allowed to file a probate action in state court fails to state a claim for denial of his constitutional right of access to the courts.  *See Owens v. Baker*, No. 2:14-CV-0067, 2014 WL 2766524 at *5 (N.D. Tex. 2014)("Plaintiff's claim that he suffered a denial of access to courts in connection with his action in probate court lacks an arguable basis in law and is frivolous."); *Clewis v. Hirsch*, No. H-13-2308, 2016 WL 1258404 at *10 (S.D. Tex. 2016, appeal docketed April 29, 2016)(inmate's right of access to courts did not entitled him to contest administration of father's estate).  Accordingly, this claim should be dismissed.

**(4) Retaliation**

Although Plaintiff does not have a free-standing right to challenge the result of the disciplinary hearing, or complain that his request to withdraw funds for filing fees was withdrawn, an action taken by prison officials that is motivated by retaliatory animus may be actionable even though if taken for a different reason, would be legitimate. *Woods v. Smith*, 60 F.3d 1161, 1164-1165 (5th Cir. 1995). Proceedings that are not otherwise constitutionally deficient may be invalidated by retaliatory animus. *Id.* at 1165 (citations omitted). *See also Jackson v. Cain*, 864 F.2d 1235, 1248 (5th Cir. 1989)(Inmate raised issue of material fact regarding motives behind prison authorities' decision to move him to a less desirable job after he complained to warden about treatment).

Plaintiff complains that defendants Moore, Gonzalez, Furr, Smith, and Salles conspired to file false disciplinary charges against him, to falsely imprison him,[1] and to deny release of funds from his inmate trust account to pay filing fees in probate court. Plaintiff claims that they took the actions to retaliate against him because he was a witness in two federal cases in which Moore, Gonzalez, and Furr were named as defendants.

A prison official may not retaliate against or harass an inmate for exercising the right of access to the courts, or for complaining to a supervisor about a guard's misconduct. *Woods*, 60 F.3d at 1164. When a prisoner claims that officials retaliated

---

[1] The false imprisonment claim stems from the fact that he was placed in restrictive custody as a result of the disciplinary hearing. It will not be addressed as a separate claim.

against him by issuing a false disciplinary report, favorable termination of the underlying disciplinary charge is not a prerequisite for bringing the claim. The concern is whether there was retaliation for exercise of a constitutional right, separate and apart from the apparent validity of the underlying disciplinary report. *Id.* 60 F.3d at 1164-1165.

To prevail on a claim of retaliation, a prisoner must establish (1) the exercise of a specific constitutional right; (2) the defendant's intent to retaliate against the prisoner for exercise of that right; (3) a retaliatory adverse act; and (4) causation. Causation requires a showing that "but for the retaliatory motive, the complained of incident . . . would not have occurred." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998)(citing *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997)(quoting *Woods*, 60 F.3d at 1166)). *Woods* cautions courts to carefully examine claims of retaliation:

> To assure that prisoners do not inappropriately insulate themselves from disciplinary actions by drawing the shield of retaliation around them, trial courts must carefully scrutinize these claims. To state a claim of retaliation an inmate must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident—such as the filing of disciplinary reports as in the case at bar—would not have occurred. This places a significant burden on the inmate. . . . The inmate must produce direct evidence of motivation, or, the more probable scenario, "allege a chronology of events from which retaliation may plausibly be inferred."

*Woods*, 60 F.3d at 1166 (citing *Cain v. Lane*, 857 F.2d 1139, 1143, n. 6 (7th Cir. 1988); *McDonald v. Hall*, 610 F.2d 16 (1st Cir. 1979) and *Smith v. Maschner*, 899 F.2d 940 (10th Cir. 1990)). "Claims of retaliation must . . . be regarded with skepticism, lest federal courts embroil themselves in every disciplinary act that occurs in state penal institutions." *Id.* (citing *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994)).

**(a) Exercise of a Constitutional Right**

Plaintiff alleges that Defendants Smith, Sallee, and Moore retaliated against him after he filed grievances complaining about various prison matters.  It is clearly established in the Fifth Circuit that a prison official may not harass or retaliate against an inmate who complains to a supervisor about a guard's misconduct.  *Bibbs v. Early*, 541 F.3d 267, 270 (5th Cir. 2008).  In 2015 and 2016 Plaintiff filed several grievances complaining about actions taken against him by various guards and other prison officials. Thus, he arguably has shown that he exercised a constitutional right prior to adverse action being taken against him.

Plaintiff also alleges that another reason defendants retaliated against him is because he was named as a witness in two lawsuits brought by other inmates in which Moore, Gonzalez, and Furr are named as defendants.  Plaintiff identified no case in which a prison inmate was found to have a constitutional right to be named as a witness in another inmate's lawsuit and none was found.  As discussed above, the right of access to court for prisoners is not unlimited, and encompasses only a reasonably adequate opportunity to file a nonfrivolous claim challenging their conviction or conditions of confinement *Johnson v. Rodriguez*, 110 F.3d 299, 311 (5th Cir. 1997) (citing *Lewis*, 518 U.S. at 355).  The court further noted that an inmate is not entitled to the help of a particular prisoner, as long as the right of the prisoner filing the lawsuit is not infringed. *Id.* (citing *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996).  "[N]either any frivolous filings nor secondary litigation activity, i.e., legal research and writing that does not involve a

writ writer's own conviction(s) or the conditions of his or her confinement, may comprise the basis of a retaliation claim." *Id.* Although the *Rodriguez* court was addressing constitutional rights of writ writers and not witnesses, there is no reason to believe the same considerations do not apply. Accordingly, Plaintiff did not have a constitutional right to appear as a witness in other inmates' lawsuits and the fact that he did so cannot form the basis of a retaliation claim.

### (b) Defendant's Intent to Retaliate

Plaintiff has the burden of producing direct evidence of retaliation, or alleging a chronology of events from which retaliation may plausibly be inferred. Although Plaintiff alleges that he filed grievances and that he then was subjected to retaliatory actions, he has not described a chronology of events that leads to the conclusion that he was the victim of retaliation.

The disciplinary hearing appears to have occurred in September 2015 (Exs. C and D to Resp. to Mot. for Sum. Jmt., D.E. 14-1 at pp. 8-20). All of the grievances except one were filed after the disciplinary hearing, so they could not have been the source of the retaliation. The only grievance he filed before the disciplinary hearing was Grievance 2015204991 in which he asked to be allowed to grow a beard because it is a tenet of his faith as a Messianic Jew. That grievance was filed on August 31, 2015 (Ex. B to Resp. to Mot. for Sum. Jmt., D.E. 14-1 at pp. 1-4). His request was denied on October 9, 2015 because he had an escape attempt on his record. Defendant Furr signed the Step 1 denial. Plaintiff filed a Step 2 Grievance on October 14, 2015 and it was denied by Vance Drum,

the director of chaplaincy operations, on October 22, 2015 (*Id.*)  Drum is not named as a defendant in this lawsuit.

Based on the above, the only chronological evidence submitted by Plaintiff is that he filed a grievance asking to grow a beard on October 9, 2015 and more than a month later, his cell was searched by Defendant Moore, the law librarian.  Three days after that, on September 21, 2015, he was charged in the disciplinary proceeding with presenting fraudulent affidavits for filing.  Plaintiff has neither asserted nor presented any evidence that Defendant Moore knew he had filed the request to grow a beard.  Accordingly, his evidence is insufficient to establish a fact issue on whether Defendant Moore intended to retaliate against Plaintiff by searching his cell and charging him with a disciplinary infraction.

Plaintiff also claims that Defendants Salles, Smith, Moore, and Furr conspired to deny release of money from his inmate trust account to pay the filing fee in a probate matter Plaintiff wished to file.  However, Plaintiff does not state when the request for the filing fee was made, or when it was denied.  Accordingly it is unclear when the denial occurred in relation to when the grievances were filed.

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations.  *Shultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1997).   Plaintiff asserts that four of the defendants retaliated against him for filing grievances by not allowing him to withdraw funds from his inmate trust account to pay a filing fee in probate court.  However, he does not

describe a chronology of events to show retaliation.   Without more detailed factual allegations, it is impossible to determine whether Plaintiff has a claim for retaliation.

At this point Plaintiff has failed to state a claim against Salles, Smith, Moore, and Furr for retaliation.   However, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires."   If the underlying facts or circumstances relied upon by a plaintiff are a proper subject of relief, he generally should be given an opportunity to test his claim on the merits.   *Foman v. Davis*, 371 U.S. 178, 182 (1962).   In determining whether to allow a plaintiff to replead, courts look at factors such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party and the futility of the amendment.   *Foman*, 371 U.S. at 182.

Although Plaintiff has not sought leave to amend, he will be allowed to do so in an effort to ensure that he has an opportunity to present all relevant facts. "[W]hen it is not apparent from the face of the complaint whether the prisoner's contentions are frivolous or not, the district court should make an effort to develop the known facts until satisfied that either the claims have merit or they do not." *Parker v. Carpenter*, 978 F.2d 190, 191 (5th Cir. 1992). *See also Chavez v. First National Bank of South Africa*, No. DR-15-065-AM-VRG, 2015 WL 10818656 (W.D. Tex. 2015)(magistrate judge *sua sponte* granted plaintiff leave to amend complaint to cure deficiencies noted in order).   Accordingly, Plaintiff will be given an opportunity to amend his complaint to set forth with as much specificity as possible the facts supporting his allegations that Salles, Smith, Moore, and

Furr retaliated acted out of a retaliatory motive when they refused to allow him to withdraw funds from his inmate trust account.

### (c) Retaliatory Adverse Act

If the decision to deny the release of funds from Plaintiff's inmate account was made with a retaliatory motive, it would be considered an adverse act.

### (d) Causation

Plaintiff has the burden of showing that but for the retaliatory motive, the complained of incident—in this case, denial of the withdrawal of the filing fee from his inmate trust account—would not have occurred. *Woods*, 60 F.3d at 1166. Mere conclusory allegations that the action was motivated by retaliatory animus will not withstand a summary judgment challenge. *Id.* In this case, although Plaintiff has not pleaded specific facts related to the chronology of the denial of his request to withdraw funds, Defendants have not countered his allegation that they acted with retaliatory animus. Instead they argue that Plaintiff could have could have attempted to file the probate matter *in forma pauperis*, without attempting to pay the filing fee. They posit that it is possible that had Plaintiff had attempted to file the probate matter without paying the filing fee, the court might have let him proceed. Such an assertion sidesteps the issue of causation and is not enough to create a fact question on whether Defendants acted with retaliatory intent.

The record is insufficient to grant or deny summary judgment on this issue. As discussed above, Plaintiff will be given an opportunity to replead his retaliation cause of action based on his allegation that Defendants Salles, Smith, Moore, and Furr retaliated

against him for filing grievances by refusing to release funds from his inmate trust account.    After Plaintiff files his amended complaint, Defendants may re-urge their motion for summary judgment or file an amended motion.    Defendants' arguments regarding exhaustion of this issue and qualified immunity will be addressed at that time.

### (5)  Defendants Gonzalez, Inmon, and Does

Plaintiff has failed to state any claims against Defendants Gonzalez, Inmon, and John and Jane Does.    Accordingly, it is recommended that they be dismissed from this lawsuit.

### (6) Eleventh Amendment Immunity

Defendants move for summary judgment on any claims filed against them in their official capacities for monetary damages.    It is well established that the Eleventh Amendment bars a suit for money damages against a state or state agency.    *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996).    An action against a state official in his or her official capacity is considered an action against the State itself and thus barred by the Eleventh Amendment.    *Kentucky v. Graham*, 473 U.S. 159, 166 (1985).    The Fifth Circuit has extended Eleventh Amendment immunity to TDCJ-CID officers and officials acting in their official capacities.    *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). Accordingly, to the extent Plaintiff is suing Defendants in their official capacities for money damages, his claims are barred by the Eleventh Amendment and should be dismissed.

# RECOMMENDATION

Based on the foregoing, it is respectfully recommended that Defendants' Motion for Summary Judgment be GRANTED in part and DENIED in part.  Defendants Inmon, Gonzalez, and John and Jane Does are entitled to summary judgment and Plaintiff's claims against them should be DISMISSED.  Plaintiff's claims regarding the outcome of any disciplinary hearing should be DISMISSED without prejudice as they cannot be addressed in this § 1983 action.  Summary judgment should be GRANTED for all Defendants on Plaintiff's claims of denial of access to courts because he has failed to state a claim.  Any claims Plaintiff brought for the first time in his response to the motion for summary judgment should be DISMISSED without prejudice because such claims are not properly before the Court.  Summary judgment should be GRANTED for Defendant TDCJ-CID insofar as Plaintiff seeks money damages against the agency or against any Defendant in his/her official capacity.

Summary judgment should be DENIED without prejudice on Plaintiff's claim that Defendants Salles, Smith, Moore, and Furr retaliated against him for exercising his constitutional right to file grievances.  Should Plaintiff wish to file an amended complaint limited to his claim that Defendants retaliated against him by denying release of funds from his inmate trust account to pay filing fees in a probate case, he must do so within 30 days of his receipt of this Memorandum and Recommendation.  Defendants will have 30

days from their receipt of Plaintiff's amended complaint to reurge their motion for summary judgment, or file an amended motion for summary judgment.

Respectfully submitted this 6th day of April, 2017.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).