UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOE YOUNG, | § | |
| Plaintiff, | § § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-392 |
| CANDACE MOORE, *et al*, | § § § | |
| Defendants. | § § | |

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff Joe Young, proceeding *pro se* and *in forma pauperis*, has filed this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Motion for Appointment of Counsel. (D.E. 37).

The only claim remaining in this case is Plaintiff's claim that certain defendants have retaliated against Plaintiff. These defendants have filed a motion for summary judgment on Plaintiff's retaliation claim. (D.E. 30). Plaintiff subsequently filed his response to the summary judgment motion. (D.E. 33). Plaintiff seeks the appointment of counsel to assist him in litigating his retaliation claim.

In *Bounds v. Smith*, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. *Bounds v. Smith*, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. *Akasike v. Fitzpatrick*, 26 F.3d 510, 512 (5th Cir. 1994); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982).

Further, *Bounds* did not create a "free-standing right to a law library or legal assistance." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). It is within the court's discretion to appoint counsel, unless the case presents "exceptional circumstances," thus requiring the appointment. 28 U.S.C. § 1915(e)(1); *Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. *Jackson v. Dallas Police Dep't*, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. *Id.* Plaintiff's retaliation claim is not complex.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present his case. *Id.* Plaintiff's various pleadings filed in this case, including his response to the pending summary judgment motion, reveal that he understands his claims and is in a position to investigate and present his case.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross-examination. *Id.* Examination of this factor is premature because the case has not yet been set for trial. A dispositive summary judgment motion is currently before the undersigned on referral.

Plaintiff has not shown that exceptional circumstances require the appointment of counsel at this time. In addition, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case. The Court has the authority to award attorneys' fees to a prevailing plaintiff. 42 U.S.C. § 1988. Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement. Plaintiff's motion

for appointment of counsel (D.E. 37) is DENIED without prejudice at this time. This order will be *sua sponte* reexamined as the case proceeds.

ORDERED this 23rd day of March, 2018.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE